**In re Ernest G. POMAR, Debtor.**

**Bankruptcy No. 92–14370–9P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 23, 1993.

Louis S. Erickson, Naples, FL, for debtor.

Diane L. Jensen, Fort Myers, FL, Trustee.

**ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is an Objection to Claims of Exemptions filed by the Trustee, Diane Jensen (Trustee). The facts relevant to the resolution of this controversy as they appear in the record are as follows:

On November 2, 1992, Ernest Pomar (Debtor) filed his Petition for Relief under Chapter 7 of the Bankruptcy Code. In his Schedule C, the Debtor claimed as exempt personal properties valued at $1,260.00, in-

cluding $20.00, the amount Debtor claimed to be the balance in a Barnett Bank checking account.

In due course, the Trustee filed an Objection to the Debtor's claim of exemption contending that the personal properties claimed as exempt exceed by $260.00 the amount permitted to be claimed as exempt by Article X, Sec. 4(a)(2) of the Florida Constitution. In addition, the Trustee noted that the balance in the Debtor's checking account on the date of the commencement of the case was $1,911.77, rather than $20.00 as the Debtor claimed in his Schedule C.

On December 30, 1992, the Debtor filed his Response to the Trustee's Objection and acknowledged that the value of the personal properties claimed as exempt exceeded the maximum allowable as exempt. In addition, the Debtor stated that the $1,911.77 on deposit is exempt pursuant to § 522(d)(10) of the Bankruptcy Code, because the funds represented monthly payments he received from a retirement pension and from his monthly social security benefits. On January 6, 1993, the Debtor amended his Schedule C, stating that social security and retirement plan payments in an undetermined value are entitled to exemption under § 522(d)(10). Notwithstanding, the Debtor has never amended the Schedule C as it relates to the amounts on deposit to include any amount greater than the $20.00 originally claimed.

■ Before considering the merits of the Trustee's Objection to the exemption claim of the Debtor, two things should be noted at the outset. First, the Debtor concedes that his Claim of Exemptions of personal properties exceeds the maximum value allowable by Article X, Sec 4(a)(2) of the Florida Constitution. Thus, the Debtor clearly must select the properties he intends to retain in order to bring the value below the maximum allowable, i.e., $1,000.00. Second, it is odd indeed that the Trustee objects to the exemption of the bank account funds, which as far as it appears from the record, was not even

claimed as exempt by the Debtor except to the extent of $20.00, the balance in the Debtor's checking account as scheduled by the Debtor. It is elementary that assets not scheduled and not claimed as exempt cannot be allowed as exempt. Thus, if the assets are determined to be property of the Debtor's estate by virtue of § 541(a) of the Bankruptcy Code, it is subject to administration by the Trustee.

■ Even assuming the Debtors amend their Claim of Exemptions to include the $1911.77 on deposit, the Court considers the implications. By virtue of the Section 522(b)(1) opt-out provision of the Code, the right of Debtors to claim properties exempt is governed by the Constitution and the applicable Statutes of this State with some exceptions not relevant here.

The relevant Statues are Fla.Stat. 222.20 and 222.201 which provide:

**§ 222.20 Nonavailability of federal bankruptcy exemptions.**—In accordance with the provision of § 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(b)), residents of this state shall not be entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)). Nothing herein shall affect the exemptions given to herein to residents of this state by the State Constitution and the Florida Statutes.

**222.201 Availability of federal bankruptcy exemptions.**—

(1) Notwithstanding § 222.20, an individual debtor under the federal Bankruptcy Reform Act of 1978 may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of § 522 of that act.

Section 522(d)(10) of the Bankruptcy Code provides:

**522. Exemptions**

(d) The following property may be exempted under subsection (b)(1) of this section:. . .

(10) The debtor's right to receive—

(A) a social security benefit, unemployment compensation, or a local public assistance benefit;

. . .

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor or any dependent of the debtor, . . .

Subchapter II of Title 42 of the U.S. Code is entitled Federal Old–Age, Survivors, and Disability Insurance Benefits, which is part of the social security chapter. Section 407 of the subchapter states in pertinent part:

§ 407. **Assignment; amendment of section**

(a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

It is apparent from the foregoing that, assuming that the sun of $1,911.77 or at least part of it represents the Debtor's social security deposit, only the part traceable to the social security benefit could be claimed as exempt, but not the part representing retirement benefits.

■ It should be noted in this connection that § 522(d)(10) exempts the Debtor's right to receive future payments, but not benefits already received, unlike § 522(d)(11), which expressly exempts the Debtor's right to receive future payments and property already received which is traceable to the specific benefits set forth in this Section. However, § 522(d)(11) does not include social security benefits. Moreover, Florida only adopted federal exemption § 522(d)(10) and not § 522(d)(11).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to the Claim of Exemptions is sustained. The Debtor is hereby ordered to elect which properties will be subject to his $1,000.00 personal property exemption. Failure to elect within 15 days of this Order will result in loss of the personal property exemption.